## IN THE UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **LADARRIUS GULLY,** | ) |
| **on behalf of himself and others** | ) |
| **similarly situated,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) **Case No. 3:20-cv-702** |
| **v.** | ) |
| | ) |
| **STATE FARM MUTUAL AUTOMOBILE** | ) |
| **INSURANCE COMPANY,** | ) |
| | ) |
| **Defendant.** | ) |

## <u>CLASS ACTION COMPLAINT</u>

COMES NOW the Plaintiff, Ladarrius Gully (Gully), individually and on behalf of all others similarly situated, and for his Class Action Complaint against the Defendant, State Farm Mutual Automobile Insurance Company (State Farm), states as follows:

## <u>INTRODUCTION</u>

1.  This Class Action Complaint is for breach of contract and violation of the Illinois Consumer Fraud and Deceptive Business Practices Act (815 ILCS 505/1) in regards to monies that State Farm wrongfully withheld from Gully and Class Members in relation to damages owed to them pursuant to their uninsured/underinsured policies with the Defendant.

## <u>PARTIES</u>

2.  Plaintiff Ladarrius Gully is a natural person and resident of the State of Illinois.  Class Members are from States that include Illinois and from States that do not include Illinois.

3. State Farm is an automobile insurance company organized and existing under the laws of the State of Illinois, all the while maintaining its principal place of business in Bloomington, Illinois and doing business in the jurisdictional area of this Southern District of Illinois.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over all causes of action asserted herein because this is a class action with diversity of citizenship between parties and the matter in controversy exceeds $5,000,000, pursuant to the Class Action Fairness Act at 28 U.S.C. § 1332(d)(2).

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 in that State Farm is a resident of this State and is doing business in the Southern District of Illinois.

## FACTS COMMON TO ALL COUNTS

6. On October 25, 2018, Gully was operating his State Farm insured automobile when he was collided with by a third-party driver, all of which occurred in Saint Clair County, Illinois and in the Southern District of Illinois.

7. As a result of the collision, Gully suffered injuries and damages, for which he would have been entitled to compensation from the third-party driver at fault that was liable for the injuries and damages sustained by Gully.

8. The third-party driver at fault for the collision that injured Gully was an uninsured motorist.

9. There was no dispute, legitimate or otherwise, as to the third-party driver at fault being liable for the collision with Gully.

10. State Farm had sold to Gully an automobile policy of insurance bearing the Policy Number E49 5618-B11-13 ("Policy"), that was in full force and effect by providing uninsured/underinsured motorist ("UM/UIM") coverage to Gully with benefit limits equal to

or in excess of $50,000.00 per accident. The Policy is marked as Exhibit A and attached hereto.

11. In regards to the Policy, there exists a valid and enforceable contractual relationship between Gully and State Farm, with the Policy being part of that contract between the parties.

12. Gully performed all of the obligations required by him from his contract with State Farm.

13. The terms of the Policy are not subject to negotiation with an individual consumer and are materially the same for all Class Members.

14. Included in the Policy were provisions for UM/UIM motorist coverage, wherein if Gully was involved in an accident with an uninsured or underinsured motorist and Gully was entitled to recover damages from the other driver, then State Farm was to pay Gully at least the amount agreed upon as his damages that he would be entitled to recover from the uninsured or underinsured motorist, but not in excess of his policy limits.

15. On November 7, 2018, Gully filed a UM/UIM claim with State Farm seeking arbitration with the Defendant in accordance with terms of the Policy.

16. On August 15, 2019, State Farm offered Gully $18,150.20 for his damages under the Policy, but it did not tender said amount at that time to Plaintiff.

17. On May13, 2020, State Farm offered Gully $20,151.20 for his damages under the Policy, but it did not tender said amount at that time to Plaintiff.

18. At a minimum, the dollar amounts offered to Gully by State Farm were not in dispute as to the value of the Plaintiffs' damages under his UM/UIM claim.

19. The only dispute between Gully and State Farm was what dollar amounts in excess of the offers by State Farm was the value of Gully's damages under his UM/UIM claim.

20. State Farm's refusal to tender payment in a timely manner was contrary to Section 919.50 of

Title 50 of the Illinois Administrative Code, which provides in pertinent part as follows:

> The company shall affirm or deny liability on claims within a reasonable time and shall offer payment within 30 days after affirmation of liability, if the amount of the claim is determined and not in dispute. For those portions of the claim which are not in dispute and for which the payee is known, the company shall tender payment within said 30 days.

21. Despite the amounts offered by State Farm not being in dispute, it refused to tender said

amounts to Gully in a timely manner as compensation for his damages under his UM/UIM

claim.

22. State Farm's refusal to tender payments for undisputed amounts of claims in a timely manner

was not exclusive to Gully, but is a policy or practice of State Farm towards numerous other

of its insureds, including the Class Members as described herein.

## CLASS ACTION ALLEGATIONS

23. Gully brings this action on behalf of himself and all others similarly situated, as a class action

pursuant to Rule 23 of the Federal Code of Civil Procedure, on behalf of the following two

classes of Class Members, being defined as:

I. All persons who:

A. were residents of the State of Illinois;

B. were insured policyholders of State Farm;

C. had performed all of their contractual obligations to State Farm as a policyholder;

D. sustained damages cause by either uninsured motorists or under insured motorists;

E. during the 10-year time period prior hereto, made a claim for UM/UIM damages

under their Policy with State Farm;

    F.  were offered money by State Farm for a full or partial portion of their claimed UM/UIM damages; and,

    G. did not receive a tender of payment from State Farm within 30 days of State Farm offering either a full or partial payment of their claimed UM/UIM damages.

II. All persons who:

    A. were not residents of the State of Illinois;

    B. were insured policyholders of State Farm;

    C. had performed all of their contractual obligations to State Farm as a policyholder;

    D. sustained damages cause by either uninsured motorists or under insured motorists;

    E. during the 10-year time period prior hereto, made a claim for UM/UIM damages under their Policy with State Farm;

    F.  were offered money by State Farm for a full or partial portion of their claimed UM/UIM damages; and,

    G. did not receive a tender of payment from State Farm within 30 days of State Farm offering a full or partial payment of their claimed UM/UIM damages.

24. This action is brought as and may be properly maintained as a class action pursuant to Rule 23 of the Federal Code of Civil Procedure and satisfies the requirements thereof.  As used herein, the term "Class Members" or "Class" shall mean and refer to the members of the defined classes.

25. At this time, Gully believes that the Class likely includes thousands of Class Members.

26. The Class satisfies the numerosity, commonality, typicality, adequacy, and superiority requirements of a class action under Rule 23, as set forth more fully herein.

27. While the exact number of Class is unknown at this time and can only be determined by appropriate discovery, membership in the Class is ascertainable based upon the records of State Farm.

28. The number of persons in the Class is at least in the hundreds and most likely thousands; thus, the numerosity standard is satisfied.

29. Because Class Members are geographically dispersed across the country, joinder of all individual Class Members in a single action is impracticable; but Class Members may be informed of the pendency of this class action through direct mail.

30. There are questions of fact and law common to the Class that predominate over any questions affecting only individual members, including without limitation, the following:

   a.  Whether a contract existed between State Farm and Class Members;

   b.  Whether State Farm notified Class Members of their respective breach of contract;

   c.  Whether Class Members were entitled to damages from uninsured/underinsured motorists;

   d.  Whether State Farm delayed payment of damages to Class Members;

   e.  Whether State Farm was deceptive in its business practices toward Class Members;

   f.  Whether State Farm breached the terms of the Policies with the Class Members;

   g.  Whether the Class Members sustained damages as a result of State Farm's wrongful acts and omissions;

   h.  Whether the Class Members are entitled to damages, punitive damages, and attorney's fees from State Farm.

31. The questions set forth above predominate over any questions affecting only individual persons, and a class action is superior to other available methods with respect to considerations of consistency, economy, efficiency, fairness, and equity for the fair and efficient adjudication of the claims asserted herein.

32. Gully's claims are typical of those of the Class Members in that they purchased policies containing the same or similar provisions relating to the payment of damages pursuant to uninsured/underinsured benefits under the terms of the Policy and Class Policies.

33. A class action is the appropriate method for the fair and efficient adjudication of this controversy. State Farm has acted or refused to act on grounds generally applicable to the Class Members. The presentation of separate actions by individual Class Members would create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendant, and/or substantially impair or impede the ability of Class Members to protect their interests.

34. Gully is an adequate representative of the Class because he is a member of the Class and his interests do not conflict with the interests of those he seeks to represent. The interests of the Class Members will be fairly and adequately protected by Plaintiff and his counsel, who have extensive experience prosecuting complex class litigation.

35. Maintenance of this action as a class action is a fair and efficient method for adjudicating this controversy. It would be impracticable and undesirable for each of the Class Members who suffered harm to bring a separate action. Separate actions would place a substantial and unnecessary burden on the courts and could result in inconsistent adjudications, while a single class action can determine, with judicial economy, the rights of all Class Members.

## COUNT I

### (Breach of Contract)

36. Gully and the Class incorporates and restates by reference all of the preceding allegations as though fully set forth herein.

37. State Farm's acts and omissions in its failure to tender the undisputed amounts to Gully and the Class Members in a timely manner for their UM/UIM claims as described herein, is a breach of its contract with Gully and the Class Members.

38. As a direct and proximate result of State Farm's breach of contract, Gully and the Class Members have been damaged in that State Farm's refusal to tender the undisputed amounts of damages their UM/UIM claim in a timely manner as described herein:

a. deprived Plaintiff and the Class Members of the use of their money until such time the undisputed amount was eventually paid;

b. forced Plaintiff and the Class Members to continue through the arbitration process in order to be paid the undisputed amount.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Ladarrius Gully on behalf of himself and all others similarly situated, prays for judgment as follows:

A. Declaring this action to be a proper class action and certifying Plaintiff as class representative and his counsels as Class Counsel;

B. Declaring and determining that Defendant breached its contract with the Plaintiffs by reason of its conduct as alleged herein;

C. Awarding compensatory damages incurred as a result of the Defendant's actions;

D. Awarding costs to the Plaintiffs; and

E. Awarding the Plaintiffs such other relief as may be just and proper.

## COUNT II

### (Illinois Consumer Fraud and Deceptive Business Practices Act)

39. Gully incorporates and restates by reference all of the preceding allegations as though fully set forth herein.

40. State Farm's acts and omissions in its failure to tender the undisputed amounts to Gully and the Class Members in a timely manner for their UM/UIM claims as described herein, constituted a violation of the Illinois Consumer Fraud and Deceptive Business Practices Act (815 ILCS 505/1), in that it:

    a.  was a deceptive act or practice;

    b.  that occurred in the course of conduct involving trade or commerce;

    c.  was done with the intent the Plaintiffs rely on the deception; and

    d.  caused actual damages to the Plaintiffs as result of violating the Act.

41. As a direct and proximate result of State Farm's violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, Gully and the Class Members have been damaged in that State Farm's refusal to tender the undisputed amounts of damages their UM/UIM claim in a timely manner as described herein:

    a.  deprived Plaintiff and the Class Members of the use of their money until such time the undisputed amount was eventually paid;

    b.  forced Plaintiff and the Class Members to continue through the arbitration process in order to be paid the undisputed amount.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Ladarrius Gully on behalf of himself and all others similarly situated, prays for judgment as follows:

A.  Declaring this action to be a proper class action and certifying Plaintiff as class representative and his counsels as Class Counsel;

B.  Declaring and determining that Defendant violated the Illinois Consumer Fraud and Deceptive Business Practices Act by reason of its conduct as alleged herein;

C.  Awarding compensatory damages incurred as a result of the Defendant's actions;

D.  Awarding attorney's fees to the Plaintiffs;

E.  Awarding punitive damages to the Plaintiffs;

F.  Awarding costs to the Plaintiffs;

G.  Awarding the Plaintiffs such other relief as may be just and proper.

## <u>COUNT III</u>
### (Additional Relief Pursuant to 215 ILCS 5/155)

37. Gully incorporates and restates by reference all of the preceding allegations as though fully set forth herein.

38. At some point during Gully's claim, State Farm knew it was liable to Plaintiff and the Class Members by offering them all or a portion of their damages for their UM/UIM claims.

39. Despite State Farm offering Gully and Class Members a portion or all of the amounts owed to as damages for their UM/UIM claims, it purposely refused to tender said amounts to the Plaintiffs in a timely manner.

40. State Farm's acts and omissions as alleged herein has been:

a. a breach of contract between it and Gully and the Class Members; and/or

b. in violation of the Illinois Consumer Fraud and Deceptive Business Practices Act.

41. State Farm's breach of contract and/or violation of the Illinois Consumer Fraud and Deceptive Business Practices Act as described herein constituted a delay that was vexatious and unreasonable under Section 155 of the Illinois Insurance Code (215 ILCS 5/155).

## PRAYER FOR RELIEF

Plaintiff, Ladarrius Gully on behalf of himself and all others similarly situated, prays for judgment as follows:

A. Declaring this action to be a proper class action and certifying Plaintiff as class representative and his counsels as Class Counsel;

B. Declaring and determining that Defendant violated Illinois laws by reason of its conduct as alleged herein;

C. Declaring and determining that Defendant's acts and omissions as alleged herein constitute a vexatious and unreasonable delay under Section 155 of the Illinois Insurance Code;

D. Awarding civil penalties of $60,000 for each Class Member as provided by Section 155 of the Illinois Insurance Code;

E. Awarding attorney's fees and costs as provided for by Section 155 of the Illinois Insurance Code;

F. Awarding such other relief as may be just and proper.

/s/ Steven Giacoletto
Steven Giacoletto #6204424
Giacoletto Law Firm
30 Summer Tree Lane
Collinsville, IL 62234
618-346-8841
618-346-8843 fax
sgiacoletto@scglawoffice.com

/s/ Lloyd Cueto
Lloyd A. Cueto # 6202989
Law Office of Lloyd Cueto
120 West Main Street
Suite 211
Belleville, IL  62220
618-910-4135
618-234-6774 fax

Christopher Cueto #6192248
Lloyd M. Cueto #6292629
James Radcliffe #6330315
Cueto Law
7110 West Main Street
Belleville, IL 62223
618-277-1554
ccueto@cuetolaw.com
cuetolm@cuetolaw.com
jradcliffe@cuetolaw.com